STATE

v.

Thomas McDOWELL.

No. 92–161–C.A.

Supreme Court of Rhode Island.

Feb. 17, 1993.

James E. O'Neil, Atty. Gen., Ronald Gendron, Jeffrey Greer, Asst. Attys. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Rosin, Barbara Hurst, Asst. Public Defenders, for defendant.

## OPINION

**PER CURIAM.**

On April 17, 1991, a Kent County jury convicted the defendant, Thomas McDowell, on five counts of sexual assault. The trial justice denied the defendant's motion for a new trial and sentenced the defendant to thirty years in prison with twelve years to serve. The defendant appealed to this court, and a single justice of this court, pursuant to provisional order No. 16 of the Supreme Court Rules of Appellate Procedure, ordered the state to appear and show cause why this court should not summarily sustain the defendant's appeal. After hearing the arguments and reading the memoranda of counsel, we believe the state has failed to show cause.

On this appeal we address two errors committed by the trial justice. The first error concerns the trial justice's admission of the testimony of Megan Pierce (Pierce). At trial the state argued that defendant had committed sexual assault upon five teenaged girls, all of whom provided baby-sitting services to defendant and defendant's family. Each of the five alleged victims testified against defendant at trial.

The prosecutor, however, also sought to introduce the testimony of Pierce, who was not one of the five young women named in the information filed against defendant. The prosecution made an offer of proof stating that Pierce would testify that she had been a babysitter for defendant and his family and that defendant had made sexual advances toward her.

The prosecution attempted to admit Pierce's testimony pursuant to Rule 404(b) of the Rhode Island Rules of Evidence, which allows the admission of evidence concerning "other crimes, wrongs, or acts" in certain enumerated instances. In *State v. Jalette*, 119 R.I. 614, 627, 382 A.2d 526, 533 (1978), this court held that a trial justice should not admit Rule 404(b) evidence of other sexual assaults unless the trial justice concludes that this evidence is absolutely necessary. The trial justice correctly ruled that Pierce's testimony was not absolutely necessary and barred the prosecution from introducing her testimony at trial.

After the close of the prosecution's case, defense counsel then called defendant to the stand and conducted a full direct examination. At no point during direct examination did defense counsel ask defendant about any encounters with Pierce. On cross-examination, however, the prosecu-

tion, over defense counsel's objection, questioned defendant about whether he had sexually assaulted or directed sexually inappropriate comments toward Pierce. The defendant denied these accusations. Over objection the trial justice then allowed the prosecution to call Pierce as a rebuttal witness, and on the stand Pierce testified that defendant had kissed her on the neck and rubbed her neck, shoulders, arms, and chest.

The trial justice's admission of Pierce's rebuttal testimony was clear error. In *State v. O'Dell*, 576 A.2d 425, 429 (R.I. 1990), this court stated:

> "We recognize that evidence that may not be admissible in the prosecution's case in chief may be used in rebuttal in order to counter false statements made by the accused in the course of his direct testimony. * * * [T]he prosecution may not manufacture an issue in the course of cross-examination for the purpose of impeaching the credibility of defendant by the use of evidence or testimony that would otherwise be inadmissible."

In this case the trial justice allowed the prosecution to do exactly what this court said in *O'Dell* it could not do. The defendant did not mention Pierce on direct examination. Yet the prosecution questioned defendant about her on cross-examination and then used rebuttal testimony to introduce Pierce's otherwise inadmissible evidence. This amounts to reversible error.

We also believe the trial justice erred in excluding the testimony of defendant's son. In pretrial discovery defendant informed the prosecution that defendant's son planned to testify about a conversation he had had with one of the alleged victims wherein she threatened to bring another charge against defendant in response to an argument she was having with defendant's son.

At trial the prosecution objected to the introduction of this testimony on the ground that the alleged conversation took place in 1989 and on the ground that the witness planned to testify about the young woman's allegedly sarcastic and threatening tone of voice. In response, defense counsel agreed not to ask defendant's son about her tone of voice. The trial justice still precluded the testimony.

This testimony from the defendant's son should have been admitted. It was relevant and directly pertinent to the defendant's contention that the victim's allegations were fabricated. Moreover, we fail to perceive any valid reason for the exclusion of this evidence.

For these reasons the defendant's appeal is sustained, the judgment of conviction is reversed, and the case is remanded to Superior Court for a new trial.