**STATE**

v.

**Anthony FILUMINIA.**

**No. 94–425–C.A.**

Supreme Court of Rhode Island.

Dec. 26, 1995.

Andrea Mendes, Special Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

Catherine Gibran, Asst. Public Defender, Paula Rosin, Asst. Public Defender, for Defendant.

## OPINION

WEISBERGER, Chief Justice.

This case comes before us on an appeal by the defendant, Anthony Filuminia, from a judgment of conviction entered in the Superior Court of two counts of second-degree child molestation. The defendant had been charged with eight other counts of first- and second-degree molestation, but either these counts were dismissed or the defendant was acquitted by the court or a jury. We affirm the conviction. The facts of the case insofar as pertinent to this appeal are as follows.

The victim of the alleged assaults, Alice (not her true name), occupied the second-floor apartment in a residence in the city of Providence. The victim's aunt and uncle and her cousin, defendant, lived in the first-floor tenement. Alice visited with her aunt, her uncle, and defendant on many occasions. Testimony at trial tended to show that on two occasions between April 1990 and November 1991 defendant had sexual contact with Alice in violation of G.L.1956 (1981 Reenactment) § 11–37–8.3, as amended by P.L. 1988, ch. 219, § 1. In support of his appeal defendant raises two issues. Further facts will be supplied as may be necessary to deal with these issues.

### I

### The Introduction of Defendant's Employment Records

The defendant took the stand in his own defense and denied having sexually molested the victim at any time. In the course of his defense, he testified that during a significant period of time from September of 1989 until November of 1990 he left his parents' home and during part of this time lived with his girlfriend at another address. He and his girlfriend had a child. He also testified that during this period he rarely visited his mother's home and saw little of Alice. He further testified that after he moved back into his parents' home from the fall of 1990 to April of 1991, he was also seldom present there because he spent a good deal of time at his girlfriend's apartment. During these significant periods, defendant testified, he was working during the day and his girlfriend worked at night. The defendant further asserted that he would babysit at night and his girlfriend would take care of the baby during the day, thus implying that his availability to be present at his parents' home was minimal.

On cross-examination the prosecutor questioned defendant concerning his work from April 6, 1990, up to the time that he moved from his girlfriend's apartment. The defendant responded that he worked during that period as a senior technician for Sears Cleaning Service and a sales representative for Insul–Sash of America. Although defendant was not able to recall specific dates, he stated that he worked at these jobs for a two- or three-month period in 1990 and that his hours at Sears were from 7 a.m. until the completion of the job, a time that might be eight o'clock "if that was the end of the day." The prosecutor further asked defendant whether he visited his mother in the late afternoon during that period. This was a time when Alice claimed to have been molested by defendant. The defendant replied in the negative, "because I would be at work during that time."

The prosecution presented as rebuttal evidence defendant's employment records from Sears, which showed he worked thirteen days in June and fifteen days in July of 1990. The defendant contends that the admission of these records constituted prejudicial error on the ground that his employment record was a collateral matter for which he could not be impeached by extrinsic evidence. *State v.*

*Brown,* 574 A.2d 745, 749 (R.I.1990); *State v. Bowden,* 439 A.2d 263, 268 (R.I.1982).

■ The state responds by asserting that this court made an exception to this rule in *State v. D'Alo,* 435 A.2d 317, 320 (R.I.1981), in respect to a defendant who testifies falsely in his own defense. The state further suggests that this exception was reaffirmed in *State v. Cuddy,* 641 A.2d 1308, 1310 (R.I. 1994), and *State v. Tutt,* 622 A.2d 459, 462 (R.I.1993). This argument on both sides is of intellectual interest, but does not control the issue of the admissibility of the employment records. In our opinion, the introduction of the employment records and the question of defendant's employment were not collateral issues, but were issues that directly bore on defendant's guilt or innocence. The defendant had testified that he was rarely at home during part of the period when he allegedly molested the victim. The inference that would naturally be drawn from this testimony was that he had limited opportunity to molest the victim during the period when these events were claimed to have occurred by reason of his employment as well as by reason of the time spent at the apartment of his girlfriend.

Although defense counsel argued that his client had not contended that he had lack of access to the victim, his testimony on direct examination indicated otherwise. Much of his testimony dealt with a description of how rarely he was either a visitor to or an occupant of his mother's apartment. The inferences to be drawn from this testimony would be that he had a significant lack of opportunity to commit the offenses with which he was charged during the time frame to which the victim testified.

■ Thus the evidence relating to his employment record was directly relevant and properly admissible to rebut defendant's testimony. This was not a manufactured issue as in *State v. O'Dell,* 576 A.2d 425 (R.I.1990), nor was it even a collateral issue as dealt with in *State v. D'Alo, supra.* A defendant may be cross-examined not only on the basis of what he specifically states by way of factual information but also in respect to the inferences and conclusions that would naturally and probably be drawn from such testimony. *State v. McDowell,* 620 A.2d 94 (R.I. 1993). The prosecutor had every right to cross-examine on the inferences raised by defendant's direct testimony and to rebut such inferences with extrinsic evidence since they were directly relevant to the issue of guilt or innocence and were not collateral.

## II

### Exclusion of Evidence of the Victim's Father's Lewd Conduct

An element of the defense was the suggestion that the victim's father was more likely to have molested her than defendant was. Extensive evidence was introduced concerning the bad character of the victim's father. The father admitted that he was a drug addict and that he was confined at the Adult Correctional Institutions. He was impeached with a criminal record during the course of his testimony. Evidence was introduced that tended to show that he frequently rummaged about the victim's bed looking for his wife's pocketbook, that the victim did not like what her father made her do, and that she was afraid of him.

Nevertheless, both the victim and the father denied that he sexually molested his daughter at any time. In addition to the foregoing evidence that was admitted, defendant sought to present testimony that at a time during the period when the victim claimed to have been molested, the victim's father made a "sexual pass" at his own sister (defendant's mother). The defendant also offered to prove that the victim's father tried forcibly to kiss his niece in the course of his driving her to her home after having dropped off other passengers. The trial justice rejected this evidence as irrelevant.

■ It has consistently been the rule in this jurisdiction that determinations of relevancy are made in the sound discretion of the trial justice. *State v. Wiley,* 567 A.2d 802, 806 (R.I.1989); *State v. Barnville,* 445 A.2d 298, 302 (R.I.1982). The trial justice's ruling on questions of relevance will not be disturbed save for abuse of that discretion. *State v. Brennan,* 527 A.2d 654, 656 (R.I. 1987).

In our opinion, the trial justice committed no abuse of discretion in ruling as he did. The fact that the victim's father may have had lewd propensities toward other persons was not significantly probative of the probability of his abusing his own daughter. The question in issue at this trial was whether the defendant had committed the acts of sexual molestation with which he was charged. The propensity of another person to commit similar acts in regard to other individuals would not in any way tend to exculpate the defendant in respect to his charges. Thus, the ruling of the trial justice on the proffered evidence was neither an abuse of discretion nor prejudicial error.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case are remanded to the Superior Court.